UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**CRAIG STEVEN HOWARD,**

        Plaintiff,

    vs.                                                                       **No. CIV 00-1693 LH/LCS**

**THE DONA ANA COUNTY DETENTION
CENTER; LIEUTENANT CARDON; DR.
MILLER; JOHN DOE #1; JOHN DOE #2;
JOHN DOE #3; JOHN DOE #4; JOHN DOE #5,
et al.,**

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

        **THIS MATTER** comes before the Court *sua sponte* to examine the subject-matter jurisdiction over this case. The United States Magistrate Judge, having considered the relevant law, and being otherwise fully informed, recommends that this Court has sufficient subject-matter jurisdiction with respect to this case.

        It is the policy of federal courts to abstain from jurisdiction in matters clearly within the province of state courts, and it is the duty of a federal court to examine pleadings to see if a substantial federal question is present. *See Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379 (1884); *See also Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (stating that "it is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue.")

        In this case, the Petitioner states, within his complaint, that the defendants in this matter demonstrated behavior that constitutes . . . "[d]eliberate indifference both to the general safety of

the plaintiff as well as to his need for medical treatment." (Pl.'s Comp. Sec. IV). With respect to 42 U.S.C. §1983, the Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment.'" *Estelle v. Gamble*, 97 S.Ct. 285, 291 (1976) (citing *Gregg v. Georgia*, 428 U.S. 154, 182-83 (1976));See also *Fleming v. Uphoff,* 210 F.3d 389 (10th Cir. 2000)(stating that 'deliberate indifference to serious medical needs of prisoners' constitutes a violation of the Eight Amendment).

### Recommended Disposition

I recommend that in view of the liberal pleading requirements of pro se plaintiffs, *see e.g. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the Court finds it has subject-matter jurisdiction with respect to plaintiff's claims pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331 (federal question jurisdiction).  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

Case 1:00-cv-01693-LH-LCS   Document 5   Filed 12/14/00   Page 3 of 3